## In re Anonymous No. 16 D.B. 81

Disciplinary Board Docket no. 16 D.B. 81.

To the Honorable Chief Justice and Justices, the Disciplinary Board of the Supreme Court of Pennsylvania:

HARRINGTON, *Chairman,* October 30, 1981 — Pursuant to Rule 89.171 of the Rules of the Disci-

plinary Board hearing committee [ ] herewith submits the following report and recommendation in the above proceeding.

## SUMMARY AND STATEMENT OF CASE

Respondent represented one [A] in three civil actions against Occidental Insurance Company in which disability insurance benefits were claimed. Occidental was represented by Attorneys [B] and [C] of the law firm of [ ].

On August 29, 1980, respondent sent a letter to [ ] Esq., house counsel for Occidental at its offices in Los Angeles, California. The letter concerned the subject matter of the litigation, and, in summary, requested payment of [A's] claims.

Because of this direct communication with Occidental, which Attorney [B] denies authorizing, a statement of complaint was filed by Attorney [B] on September 23, 1980. Petitioner notified respondent of the allegations of that complaint by letter of inquiry dated October 20, 1980.

Respondent submitted a written reply dated October 23, 1980 in which it was asserted that Attorney [B] authorized the direct contact with Occidental.

Thereafter, this action was commenced against respondent alleging a violation of the following Disciplinary Rules of the Code of Professional Responsibility:

(a) D.R. 1-102(A)(4)—dealing with conduct involving deceit or misrepresentation; and

(b) D.R. 7-104(A)(4)(1)—dealing with communication by a lawyer with a party he knows to be represented by counsel in the matter which is the subject of said communication, without securing the prior consent of the lawyer representing such other party.

[Respondent] filed a response to the petition for discipline again asserting that the direct communication was authorized by Attorney [B] and that such direct communication is customary in litigation against insurance companies. Respondent, therefore, denied making false statements to Disciplinary Counsel. The remaining material allegations of the petition for discipline were admitted by stipulation of the parties.

A hearing was held before hearing committee [  ] on May 11, 1981. Petitioner's only witness was Attorney [B]. Respondent testified on his own behalf.

Hearing committee [  ] has found no violation of the Code and recommends that the charges be dismissed.

## EVIDENTIARY AND PROCEDURAL RULINGS

While certain evidentiary rulings were made by the chairman, none of the said rulings involved evidence which was material to the committee's finding and recommendation.

## FINDINGS OF FACT

1. Respondent, [  ] represented one [A] in three civil actions against Occidental Insurance Company in which disability insurance benefits were claimed.

2. Occidental Insurance Company was represented in the said actions by Attorneys [B] and [C] of the Pittsburgh law firm of [  ].

3. On August 29, 1980, respondent sent a letter (petitioner's Exhibit 4) to [  ], house counsel for Occidental at its offices in Los Angeles, California. The letter concerned the subject matter of the litigation and, in summary, requested payment of [A's] claims.

4. On September 8, 1980, [house counsel]

transmitted respondent's letter to Attorney [C] for a reply. (See petitioner's exhibit 5.)

5. On September 8, 1980, respondent directed a letter (petitioner's exhibit 6) to Attorney [B], outlining a settlement proposal.

6. Attorney [B] testified that he did not authorize respondent's direct communication with [house counsel] of Occidental. Respondent testified that direct communication was authorized, and that Attorney [B] provided him with [house counsel's] name and address. No additional witnesses were called in support of either position.

7. Respondent testified that it is a customary and accepted practice in [ ] County for plaintiff's counsel to deal directly with insurance company representatives despite an appearance by counsel for the insurer. Attorney [B] testified to the contrary. No additional witnesses were called in support of either position.

## DISCUSSION

The Office of Disciplinary Counsel has the burden of proof with respect to the violations alleged in the petition for discipline. The hearing committee concludes that that burden has not been met.

The testimony of Attorney [B] and the respondent was directly conflicting. Although Attorney [B] denied authorizing any direct communication with Occidental, his demeanor was such that he seemed unsure of himself. Frequently he had difficulty recalling the particulars of his dealings with respondent, at least to the extent that he hesitated for quite some time on several occasions before answering the questions of Disciplinary Counsel. By contrast, respondent seemed to have a better recollection of the history of the litigation and his conversations with Attorney [B].

The nature of respondent's direct communication with Occidental tends to support his testimony that it was authorized by [B]. The very fact that the letter was directed to house counsel for Occidental suggests that respondent was not attempting to take unfair advantage of a claims person untrained in the law. In addition, since respondent's communication with Occidental was written, respondent certainly must have been aware that it would quickly reach the file of Attorneys [B and C]. And, finally, the language of the letter itself suggests that the communication was authorized. The first sentence reads, in part: "I understand that you are knowledgeable house counsel for Occidental . . ." This would seem to be the very sort of introductory sentence one might use, just having spoken with opposing counsel about a direct communication with the adverse party.

Having concluded that the credibility issue must be resolved in favor of respondent, it is unnecessary to reach the question of the [ ] County custom regarding direct communication with a represented insurance company. However, again Attorney [B's] testimony was in direct conflict with that of respondent, and no additional evidence was presented in support of either position.

## CONCLUSION OF LAW

Petitioner has failed to meet the burden of proving the violations set forth in the petition for discipline.

## RECOMMENDATION

The hearing committee respectfully recommends that the charges against respondent be dismissed.

## ORDER

And now, October 30, 1981, the report and recommendation of hearing committee [   ] filed August 5, 1981, finding that no violation had been established and that the petition for discipline be dismissed is accepted; and it is ordered and decreed that the charges against [Respondent] be dismissed.